IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO J. ONATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| GLENWOOD ACADEMY, | ) Judge: |
| | ) Magistrate Judge: |
| | ) |
| Defendant. | ) **Jury Trial Demanded** |

# COMPLAINT

The Plaintiff, Ricardo J. Onate, through his attorneys, hereby complains against the Defendant, Glenwood Academy, and states as follows:

### Nature of the Action

1. The Plaintiff is a 66 year old Mexican-American. For almost ten years, he was employed by the Glenwood Academy as a teacher who consistently received favorable evaluations. Following a Family and Medical leave between November 2015 and February 2016 to care for his dying wife, the Plaintiff returned to work only to be confronted with hostility and unwarranted scrutiny. When the 2015/2017 academic year ended, the Plaintiff was informed that Glenwood was "moving in a different direction" and "he no longer fit in". Accordingly, Plaintiff was terminated and his position was replaced by a substantially younger, non-Hispanic teacher with significantly less experience. To redress the civil rights violations, the Plaintiff brings an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; a claim for national origin discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 and a claim for retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2615.

2.	On or about September 27, 2016, the Plaintiff filed a charge of age, national origin, and disability discrimination against the Defendant with the Equal Employment Opportunity Commission under Charge No. 440-2016-06223.

3.	On May 20, 2017, the EEOC issued Plaintiff a notice of his right to sue in federal court, a copy of which is attached as Exhibit A. Plaintiff has brought this action within 90 days after receipt of that right to sue notice from the EEOC.

### Jurisdiction and Venue

4.	This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the case involves federal questions arising under the ADEA, 29 U.S.C. § 621 *et seq.*; Title VII of the Civil Rights Act, 42 U.S.C. 2000e-2; and the FMLA, 29 U.S.C. § 2601 *et seq.*

5.	Venue is appropriate in this District Court under 28 U.S.C. § 1391 because the Defendant is located in the Northern District of Illinois and the cause of action arose in this judicial district.

### The Parties

6.	The Plaintiff, Ricardo Onate ("Onate"), was born on December 11, 1951 and currently resides in Crete, Illinois.

7.	Onate's national origin is Mexico.

8.	Onate has been a full time teacher since 1997, primarily teaching social studies.

9.	The Defendant, Glenwood Academy, is an Illinois not-for profit corporation located at 500 W. 187th Street, Glenwood, Illinois. Glenwood Academy is engaged in the business of providing residential education to children in grades 2 thru 8. It employs in excess of 50 employees at the Glenwood campus.

10. In 2007, Onate joined Glenwood Academy and held the position of social studies teacher until on or around July 2016 when he was wrongfully terminated.

11. During his ten year career at Glenwood Academy, Onate consistently received favorable performance reviews and evaluations and was never subject to any disciplinary action performance coaching, or performance improvement plans.

## Facts

12. In 2013, Onate's wife was diagnosed with amyotrophic lateral sclerosis or ALS, a progressive neuro-degenerative disease that affects nerve cells in the brain and the spinal cord and results in the inability to control muscle movement. As muscle control is progressively affected, people suffering from ALS lose the ability to speak, eat, and breath.

13. In approximately, September 2015, Onate met with Mary Hollie, the president and CEO of Glenwood Academy, to discuss taking family and medical leave to care for his wife since her serious medical condition had significantly deteriorated thereby requiring substantial medical care.

14. Although Hollie did not directly forbid Onate from taking FMLA leave at that time, she expressed her displeasure with his request pointing to the difficulty of finding a substitute teacher at that time of the year.

15. Onate, therefore, did not take leave in September but instead hired a team of nurses to care for his wife while he continued his teaching duties at Glenwood without taking any days off. On November 15, 2015 when his wife's death was imminent, Onate took FMLA leave to be with her.

16. While on FMLA leave, Onate's wife died and he returned to his teaching duties in

February 2016.

17. Upon returning, Onate became subject to excessive and unwarranted scrutiny which other teachers were not subjected to and which Onate was not subjected to prior to taking FMLA leave.

18. Specifically, there were numerous unannounced visits to his classroom by the school's administrators where they would sit in the back of his classroom taking notes. Similarly, administrators would frequently open the door and peer into to his classroom while he was teaching and then leave without speaking to him. Notwithstanding the excessive and unwarranted scrutiny, no one at Glenwood Academy gave Onate feedback about his performance.

19. Similarly, upon his return, Onate's superiors made comments that it was time for him to retire. Onate, however, had no intention of retiring.

20. Onate's superiors also told him that when the school was hiring for the next school year, they were going to cut out the dead wood, a not so subtle reference to Onate.

21. Following the conclusion of the 2015/2016 school year, Onate was summoned to the school in July 2016 for a meeting attended by Human Resources and the School's Vice President Colleen Conlan-Carter.

22. At the meeting Onate was informed that his contract would not be renewed for the next school year, thereby terminating his employment. When Onate questioned the termination decision, he was told that "Glenwood Academy was moving in a new direction" and "he did not fit in."

23. On information and belief, Onate was the only teacher at Glenwood Academy that the school refused to renew a teaching contract for the 2016/2017 school year.

## COUNT I
## (Age Discrimination - ADEA)

1-23.	Plaintiff incorporates paragraphs 1 through 23 above as paragraphs 1 through 23 of this Count I.

24.	Onate's age of 65 at the time of his termination placed him in a protected age group under the ADEA.

25.	At the time of his termination, Onate was substantially older than the other teachers at Glenwood Academy.

26.	At all times during his employment, Onate was satisfactorily performing his job responsibilities to warrant the renewal of his teaching contract for the 2016/2017 academic year.

27.	Onate was subjected to adverse employment actions including, excessive and unwarranted job scrutiny and the refusal to renew his teaching contract because of his age, thereby resulting in his termination in July 2016.

28.	Other similarly situated employees who were substantially younger than Onate were not subjected to the same adverse employment actions.

29.	After his termination, Glenwood Academy replaced Onate with a substantially younger teacher with less experience.

30.	By terminating Onate's employment and replacing him with a substantially younger teacher, the Defendant discriminated against Onate because of his age - 65

31.	By discriminating against Onate because of his age, the Defendant violated the ADEA, 29 U.S.C. § 623.

32.	The Defendant's violation of the ADEA caused Onate to suffer actual and

compensatory damages.

33. The Defendant's conduct was wilful because it acted with an intentional or reckless disregard for Plaintiff's civil rights protected under federal law.

Wherefore, the Plaintiff, Ricardo J. Onate, requests that this Court enter judgment in his favor and against the Defendant Glenwood Academy and to grant him the following relief:

a. Declare that the acts and practices complained of herein are in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623;

b. Restrain and permanently enjoin these violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623;

c. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

d. Award Plaintiff actual damages including lost wages and benefits;

e. Reinstate the Plaintiff or alternatively, award him front pay;

f. Award the Plaintiff liquidated damages pursuant to 29 U.S.C. § 626(b);

g. Award Plaintiff interest on the damage awards;

h. Award the Plaintiff his costs and reasonable attorneys' fees incurred in connection with this action; and

i. Award the Plaintiff such further and additional relief that the Court deems just and proper under the circumstances.

## COUNT II
### (National Origin Discrimination - Title VII)

1-23. Plaintiff incorporates paragraphs 1 through 23 above as paragraphs 1 through 23 of this Count II.

24. The Plaintiff is in a protected class because of his national origin of Mexico.

25. At the time of his termination in July 2016, the Plaintiff is informed and believes that he was the only teacher at Glenwood Academy who had a national origin of Mexico.

26. The Plaintiff was satisfactorily performing his job duties to warrant continued employment at Glenwood Academy.

27. The Plaintiff suffered adverse employment actions in that his performance was subject to excessive and unwarranted scrutiny and the school refused to renew his contract for the 2016/2017 academic year, thereby resulting in his termination of employment.

28. On information and belief, the Plaintiff was the only teacher at Glenwood Academy who the school refused to renew a teaching contract for the 2016/2017 academic year.

29. On information and belief, Glenwood Academy replaced Onate with a teacher who did not have a national origin of Mexico and had substantially less teaching experience then Onate.

30. The Defendant subjected Onate to unequal terms and conditions of employment because of his national origin of Mexico.

31. By subjecting Onate to different terms and conditions of employment, the Defendant discriminated against Onate because of his national origin - Mexico in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2.

32. The Defendant's violation of Title VII caused Onate to suffer actual and compensatory damages.

33. The Defendant's conduct was wilful because it acted with an intentional or reckless disregard for Plaintiff's civil rights protected under federal law, thereby justifying the imposition of punitive damages.

Wherefore, the Plaintiff, Ricardo J. Onate, requests that this Court enter judgment in his favor and against the Defendant Glenwood Academy and to grant him the following relief:

a. Declare that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 2000e-2;

b. Restrain and permanently enjoin these violations of Title VII;

c. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the employment conditions and opportunities of people with a national origin of Mexico;

d. Award Plaintiff actual damages including lost wages and benefits;

e. Reinstate the Plaintiff or alternatively, award him front pay;

f. Award Plaintiff compensatory damages and damages for his mental anguish and humiliation;

g. Award Plaintiff punitive damages;

h. Award Plaintiff his costs incurred in connection with this action, together with his reasonable attorneys' fees as provided by 42 U.S.C. § 2000e-6(k); and

i. Grant Plaintiff such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
### (Retaliation - FMLA)

1-23. Plaintiff incorporates paragraphs 1 through 23 above as paragraphs 1 through 23 of this Count III.

24. Glenwood Academy is an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4)

25. Onate is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

26. Onate engaged in a protected activity when he took FMLA leave during the period

between November 2015 and February 2016 to care for his wife who suffered from ALS, a serious medical condition.

27. Glenwood Academy took a materially adverse employment action against Onate by refusing to renew his teaching contract for the 2016/2016 academic year, thereby terminating his employment.

28. Onate's protected activity of taking FMLA leave proximately caused Glenwood Academy to terminate Onate's employment.

29. By terminating Onate because he took FMLA leave, the Defendant Glenwood Academy retaliated against Onate in violation of the FMLA, 29 U.S.C. § 2615 (a)(2).

30. As a result of the Defendant's unlawful retaliation, Onate suffered actual and compensatory damages.

31. The Defendant's conduct was wilful because it acted with an intentional or reckless disregard for Plaintiff's federal protected rights under the FMLA.

Wherefore, the Plaintiff, Ricardo J. Onate, requests that this Court enter judgment in his favor and against the Defendant Glenwood Academy and to grant him the following relief:

    a. Declare that the acts and practices complained of herein are in violation of the Family and Medical Leave Act, 29 U.S.C. § 2615;

    a. Restrain and permanently enjoin these violations of the Family and Medical Leave Act, 29 U.S.C. § 2615;

    b. Direct the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

    c. Award Plaintiff actual damages including lost wages and benefits;

    d. Reinstate the Plaintiff or alternatively, award him front pay;

    e. Award the Plaintiff liquidated damages pursuant to 29 U.S.C. § 261(a)(1)(A)(iii);

      f.      Award Plaintiff interest on the damage awards;

      g.      Award the Plaintiff his costs and reasonable attorneys' fees incurred in connection with this action pursuant to 29 U.S.C. § 2617(a)(3); and

      h.      Award the Plaintiff such further and additional relief that the Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS**

Respectfully submitted,

RICARDO J. ONATE

By: /s/ *Marshall J. Burt*
One of his attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 West Washington Street, Suite 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com
ARDC #6198381